UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISIION
AT LEXINGTON

| | |
|---|---|
| DARRELL DWAYNE REFFITT,<br><br>    Plaintiff,<br><br>V.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security<br><br>    Defendant. | CIVIL ACTION NO. 5:13-352-KKC<br><br><u>OPINION AND ORDER</u> |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on cross motions for summary judgment. For the reasons discussed below, the motion of the Commissioner will be granted and the motion of the Plaintiff will be denied.

## I. BACKGROUND

Mr. Reffitt applied for disability on July 7, 2010, claiming his disability began May 23, 2010. Tr. 14; DE 9-1, p. 2. His application was denied initially and again upon reconsideration. Tr. 61, 71. Following a hearing, the ALJ found on July 5, 2012 that Mr. Reffitt is not disabled. Tr. 14-23. Plaintiff pursued his administrative remedies, and the case is now ripe for review.

At the time of the ALJ's decision, Plaintiff was 52 years old. Tr. 23, 61. He is a high school graduate and has past relevant work experience as a used car lot owner/salesman. Tr. 32-33, 55. While there was evidence of work activities, the ALJ found that he had not engaged in substantial gainful activity since May 23, 2010. Tr. 16. The ALJ found the following severe impairments: "coronary artery disease, status post myocardial infarction with stent placement; ulcerative colitis; bilateral knee osteoarthritis; and mild asthma." *Id.* No impairment nor combination of impairments met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 18.

The ALJ further found that Plaintiff had the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 404.1567(b). Tr. 20. The following limitations were applied: no work that required kneeling; crawling; operating foot pedal controls; using hands over his head; climbing ropes, ladders or scaffolds; and only occasionally stoop, crouch, or climb ramps or stairs. Tr. 20. Plaintiff also could not perform work that required concentrated exposure to dust, gases, smoke, fumes, temperature extremes, excess humidity, or industrial hazards. *Id*. The ALJ found that Plaintiff could not perform his past relevant work with this RFC. Tr. 21. However, Plaintiff could perform a significant number of jobs that exist in the economy. Tr. 22-23. Accordingly, the ALJ concluded that Plaintiff is not disabled. Tr. 23.

Plaintiff argues that the decision should be reversed in that the ALJ erred by not including restrictions for the impairment of ulcerative colitis in his findings or in the hypothetical question for the vocational expert, by not giving adequate reasons for discounting the two consultative medical examinations, and by relying on two state agency physicians who did not review the complete record. DE 9-1, pp. 8-15.

## II. ANALYSIS

### A. Standard of Review

The ultimate burden of proving a disability is on the plaintiff. 20 C.F.R. § 404.1512(a); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). Judicial review of a decision of the Commissioner is limited to determination of whether the findings are supported by substantial evidence and whether the ALJ applied the correct legal standards. 42 U.S.C. § 405(g); *White v. Commissioner of Social Security*, 572 F.3d 272, 281 (6th Cir. 2009) ("The Commissioner's conclusions must be affirmed absent a determination that the ALJ failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record."). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Kyle v. Commissioner of Social Security*, 609 F.3d 847, 854 (6th Cir. 2010). In determining whether substantial evidence supports the ALJ's decision, the Court may

look to portions of the record not discussed or cited by the ALJ. *Heston v. Commissioner of Social Security*, 245 F.3d 528, 535 (6th Cir. 2001). "We must defer to an agency's decision 'even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ.'" *Foster*, 279 F.3d at 353.

### B. The Commissioner's Decision Is Supported By Substantial Evidence.

Plaintiff contends the ALJ erred in discounting the medical opinions of Drs. Brackett and McEldowney, who were his one-time examining physicians. DE 10-12. The weight given to a physician's opinion on the nature and severity of impairment takes into consideration the examining relationship, the treatment relationship, the length of treatment and frequency of examination, the evidence presented to support the opinion, the consistency with the record as a whole, the physician's specialty, and other factors. 20 C.F.R. § 404.1527(c). An opinion from a physician who examined the claimant only once is not entitled to any special deference or consideration. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994) ("Dr. Ruff examined Mr. Barker on only one occasion, and the rationale of the treating physician doctrine simply does not apply here."). Instead, the ALJ must consider the extent to which the opinion is consistent with other evidence of record. 20 C.F.R. § 404.1527(c)(4). Additionally, opinions on whether the claimant is disabled and the claimant's RFC, "are not medical opinions, … but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. § 404.1527(e); SSR 96-5p.

Both Dr. McEldowney and Dr. Brackett said Plaintiff's ability to perform work-related activities was extremely limited. Tr. 1239-44, 1247-56. Dr. Brackett said Plaintiff could not engage in any lifting, bending, sitting, prolonged standing, pushing or pulling, and could never balance stoop or crouch. Tr. 1242, 44. He also said Plaintiff would have an anxiety attack if he were around people. Tr. 1240. Dr. McEldowney said Plaintiff could not perform physical work-

related activities except for handling, fingering, feeling, occasional balancing, and occasional reaching. Tr. 1253-56.

These severe limitations are not consistent with the treatment notes from Plaintiff's ongoing treating physicians. On January 20, 2012, Plaintiff's treating physician, Dr. Arya, reported that Plaintiff indicated pain in his lower back and chest, but "cannot say it prevents him from doing any activity." Tr. 1257. His EKG showed "normal sinus rhythm" and looks no different from his EKG two years earlier. *Id.* In February 2012, treating physician Dr. Miller reported that Plaintiff generally "feels he is in good health." Tr. 1337. In March 2011, treating physician Dr. Rollins said Plaintiff reported that he was "self-employed, haul cars – has to get up and down on the back of trucks and trailers and lift heavy items." Tr. 1235. He said his problem with knee pain "worsens with working long hours." *Id.* On June 8, 2011, Plaintiff saw Dr. Swayze because he climbed off his tractor the day before and caused his knee pain to flare up. Dr. Swayze thought "his residual pain is a bump in the road flare-up that will abate on its own. Tr. 1223. He noted that Plaintiff had a nerve block on May 27 and "had "100% relief initially and then he continued to improve after that. He did extremely well until yesterday…." *Id.* The ALJ asked Plaintiff about these reports of his working after he claimed to be disabled, but Plaintiff had little explanation. Tr. 33-34.

The ALJ noted that, after Dr. Brackett's opinion of complete disability, Plaintiff exercised on a stress test for 11 minutes and 26 seconds on January 26, 2012. Tr. 18. He further noted that Dr. Arya said Plaintiff's infrequent chest pains do not prevent any activities and that a 2010 stress test had not resulted in any ischemia. *Id.* These facts are substantial evidence to support the ALJ's finding that the extreme limitations expressed by Drs. Brackett and McEldowney are inconsistent with reports of Plaintiff's treating physicians and were properly discounted. Tr. 21.

Plaintiff cites *Blankenship v. Bowen*, 874 F.2d 1116, 1122, n. 9 (6th Cir. 1989) for the proposition that "it is improper for the Secretary to reject the favorable opinion of a consulting

4

physician solely because the consultative examination was arranged for by the claimant's representative." DE 9-1, p. 11. *Blankenship* states in full: "The ALJ also negatively commented about the referral nature of the psychiatric interviews. There is nothing fundamentally wrong with a lawyer sending a client to a doctor, especially when the capacity of that client to care for himself is questionable." *Id.* at 1122. In the present case, there is no question at all that Plaintiff has the capacity to care for himself. Moreover, the opinion was not rejected "solely" because it was arranged by Plaintiff's lawyer. It was rejected because it was inconsistent with Plaintiff's own reports to his treating physicians and their observations and tests.

To the extent Plaintiff contends it was error to assign greater weight to the opinions of the two non-examining state agency medical consultants than was assigned to the opinions of one-time examiners Brackett and McEldowney, he is incorrect. Even a treating physician's opinion may be discounted by the ALJ when it is not well supported by medical diagnostics or if it is inconsistent with the other evidence of record. 20 C.F.R. §§ 404.1527, 416.927. Here the opinions of the non-examining medical consultants indicating that Plaintiff retained the ability to perform some types of work [Tr. 66, 75-78] are consistent with the above evidence from the treating physicians. There is no error in assigning greater weight to opinions that are consistent with the record as a whole.

Finally, Plaintiff complains that the ALJ failed to include restrictions and limitations for his ulcerative colitis. DE 9-1, pp. 8-10. Specifically, he argues that "the ALJ should have included limitations and restrictions for frequent unscheduled bathroom breaks, limited Mr. Reffitt to low stress, and rest periods for his abdominal medical conditions and fatigue." *Id.* at 9-10. Dr. Brackett, a consultative examining physician who saw Plaintiff on April 6, 2011, did not include any limitations relating to bathroom breaks. Tr. 1239-1245. The only stress related limitation he mentioned was "due to his heart condition," not his colitis. Tr. 1242. Dr. McEldowney did mention "significant bathroom breaks because of stress related worsening symptoms of ulcerative colitis." Tr. 1252. However, Plaintiff's treating physician, Dr. Thornberry on June 18,

5

2010 said that his colitis "is improving clinically." Tr. 984. Plaintiff did not ever mention needing bathroom breaks at the hearing. Tr. 29-59. Instead, he testified that he has medication he uses regularly for the colitis and prednisone when it flares up. Tr. 38-40. Moreover, an ALJ is not required to include in an RFC assessment or a hypothetical question to a VE limitations from a medical opinion that was properly discounted. *See* Tr. 21. He is required "to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

As the foregoing evidence makes clear, the ALJ's decision is supported by substantial evidence and the correct legal standards were applied. Accordingly, the decision must be affirmed.

### III. CONCLUSION

**IT IS ORDERED** that:

(1) Plaintiff's motion for summary judgment [DE 9] is **DENIED**;

(2) The Commissioner's motion for summary judgment [DE 12] is **GRANTED**;

(3) The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it is supported by substantial evidence and was decided by the proper legal standards; and

(4) Judgment consistent with the Opinion will be entered contemporaneously.

This September 25, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY